UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Thomas Evenstad,                                    File No. 23-cv-0498 (ECT/DJF)

      Plaintiff,

v.                                                                  **ORDER**

Tom Lyden, *et al.*,

      Defendants.

---

This matter is before the Court on Plaintiff Thomas Evenstad's Complaint [ECF No. 1]. For the following reasons, this action is dismissed as frivolous, and Evenstad's implicit motion to proceed *in forma pauperis* ("IFP") here is denied.

The Complaint is three pages long. *See* Compl. 1–3. Evenstad devotes nearly a page and a half of the pleading to a defendant list of about 140 named people and entities as well as 100 as-yet-unidentified John and Jane Doe defendants. *See id.* at 1–2. Evenstad formally identifies few of the named defendants, but the bulk of them appear to be individuals or organizations involved with news journalism. *See id.* A sprinkling of others are politicians or others with past or present involvement in Minnesota law enforcement. *See id.*

Evenstad provides two short paragraphs of factual allegations. *See id.* at 2. He contends that the defendants have violated his constitutional rights by "engaging in a conspiracy" to cover up various events. *Id.* In particular, he suggests that he has twice been wrongfully convicted (once for "rape," once for "stalking"), and that the defendants

are conspiring by not reporting on this. *Id.* Evenstad also complains that the defendants refuse to report on another federal suit of his, *Evenstad v. Ellison*, No. 23-cv-457 (JRT/ECW) (D. Minn.). *See id.* He suggests that this conduct grounds claims under the U.S. Constitution's First, Sixth, and Fourteenth Amendments. *See id.* at 3. For relief, Evenstad claims "$50,000 minimum" in damages. *Id.*

Evenstad has not paid this action's filing fee. He did, however, apply to proceed IFP in No. 23-cv-457, so the Court assumes that he means to do so here as well, with the financial information he provided in the other case being equally applicable here. That information suggests that Evenstad financially qualifies for IFP status.

But under the federal statute governing IFP actions, as relevant here, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss [a case proceeding IFP] at any time if the court determines that . . . the action . . . is frivolous or malicious . . . ." 28 U.S.C. § 1915(e)(2). A case is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also, e.g.*, *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (citing *Neitzke*). Of particular relevance here, courts in this District have regularly held that when a complaint fails to allege what a defendant did that causes liability, the pleading lacks an arguable basis in fact—so is frivolous—for that defendant. *See, e.g.*, *Williams v. City of Minneapolis*, No. 22-cv-2369 (MJD/TNL), 2023 WL 2795858, at *2 (D. Minn. Feb. 2, 2023) (citing cases), *report and recommendation adopted*, 2023 WL 2795484 (D. Minn. Apr. 5, 2023); *Stanton v. Gomey Allenberg & O'Reilly, PC*, No. 22-cv-1706 (PJS/JFD), 2022 WL 3108027, at *2 (D. Minn. Aug. 4, 2022) (same).

This action is straightforwardly frivolous.  For starters, for nearly every defendant, Evenstad provides no factual allegations whatsoever as to what he, she, or it did (or failed to do) that might generate liability.  For instance, the first three named defendants in this action are Tom Lyden, A.J. Lague, and Eric Chaloux.  *See* Compl. at 1.  Nothing in the Complaint explains who these people are or what specific conduct of theirs might make them liable to Evenstad.  So the Complaint has no arguable basis in fact as to these defendants.[1]

But even putting this problem to the side, the Complaint also has no arguable basis in law.  Evenstad's legal theory here is apparently that he has suffered injury—federal constitutional injury, no less—because various news entities have failed to provide favorable news coverage about his past convictions or his present lawsuit.  Evenstad provides absolutely no support for this theory, and the Court is aware of none.

This action is therefore dismissed without prejudice as frivolous under 28 U.S.C. § 1915.  Given this decision, Evenstad's implicit motion to proceed IFP in this action is denied as moot.

---

[1]    To be sure, the Complaint has brief allegations against a few defendants.  Evenstad asserts, for instance, that Senator Amy Klobuchar and several of the other politician and/or law-enforcement-affiliated defendants have "bought" media silence.  *See* Compl. at 2.  This claim is probably frivolous in and of itself.  Even if not, though, it is just the sort of formulaic legal conclusion masked as a factual allegation that this Court need not credit.  *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 555, 557 (2007)); *Rydholm v. Equifax Info. Servs. LLC*, 44 F.4th 1105, 1108 (8th Cir. 2022) (quoting *United States ex rel. Ambrosecchia v. Paddock Lab'ys, LLC*, 855 F.3d 949, 955 (8th Cir. 2017)).

## CONCLUSION

Based upon all the files, records, and proceedings in the above-captioned matter, **IT IS HEREBY ORDERED THAT**:

1.      Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE** as frivolous under 28 U.S.C. § 1915.

2.      Evenstad's implicit motion to proceed *in forma pauperis* in this action is **DENIED** as moot.

### LET JUDGMENT BE ENTERED ACCORDINGLY.

Date:  April 24, 2023                                    s/ Eric C. Tostrud
                                                          Eric C. Tostrud
                                                          United States District Court